**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| **RUDOLPH MOUNIB SEIKALY,** )<br>as Administrator of the )<br>Estate of MOUNIB SEIKALY, Deceased, )<br>and as Personal Representative )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>RICHARD SEIKALY )<br> )<br>Defendant. )<br> ) | Civil Action No._____ |

## COMPLAINT

Plaintiff Rudolph Mounib Seikaly, as Administrator of the Estate of Mounib Seikaly, by and through counsel, files this Complaint for an equitable accounting and disclosure of financial records against Defendant Richard Seikaly, and alleges as follows:

## THE PARTIES

1. Plaintiff Rudolph Mounib Seikaly is the Administrator and personal representative of the Estate of Mounib Seikaly, and brings this suit on behalf of the Estate ("Plaintiff").

2. Defendant Richard Seikaly ("Defendant") is an individual who, upon information and belief, resides at 11116 Tara Road, Potomac, Maryland 20854.

## JURISDICTION AND VENUE

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. §1332(a)(2) because Defendant is a citizen of the State of Maryland and Plaintiff is a citizen of the foreign state of Lebanon, and because the amount in controversy exceeds $75,000.

4.  Mounib Seikaly was a citizen of Lebanon. Pursuant to 28 U.S.C. §1332(c)(2), Plaintiff, as the legal representative of the Estate of decedent Mounib Seikaly, is therefore deemed to be a citizen of Lebanon.

5.  Venue is proper pursuant to 28 U.S.C. §1391(b)(3) because Defendant is subject to the Court's personal jurisdiction pursuant to Maryland Code §6-102(a).

## THE ARBITRATION SUBMISSION AGREEMENT

6.  On September 27, 2004, Defendant entered into an Arbitration Submission Agreement ("Agreement") with Jack J. Seikaly and Joseph J. Seikaly. A true and correct copy of the Agreement is attached hereto as Exhibit 1.

7.  On December 15, 2005, decedent Mounib Seikaly became a full party to the Agreement via a written Addendum to Arbitration Submission Agreement ("Addendum"). A true and correct copy of the Addendum is attached hereto as Exhibit 2.

8.  In the preamble to the Agreement, the parties agreed that they would "submit to final and binding arbitration" all "Disputes," as defined in the Agreement, against each other regarding all "Entities" and "Other Ventures[.]"

9.  "Entities" is defined in the Agreement as follows: "businesses and real estate holdings that they had owned and/or presently own jointly as partners, shareholders, or beneficial owners[.]"

10.  "Other Ventures" is as defined in the Agreement as follows: "all other ventures. . .where any of said Entities and/or any Party had owned and/or presently owns as partner, shareholder, or beneficial owner, an interest and another Entity or Party claims a legal interest therein[.]"

11.  Article 3 of the Agreement is titled "Stand still and continued operation considerations." Under Article 3, the parties agreed *inter alia* to "preserve the assets of the Entities and Other

Ventures pending resolution of the claims and disputes pursuant to this arbitration process and

full implementation of the arbitration award."

12.  Under Article 3(b) of the Agreement, the parties agreed in relevant part as follows:

> During this period all operations of all of the Entities and Other Ventures shall be transparent with all activities, expenditures, sales, and the like fully and timely disclosed.  Each Party shall be entitled to seek and receive any and all documentation related to the Entities and Other Ventures.

13.  The parties have been in ongoing arbitration regarding the Disputes for approximately

eleven years.

## PROCEEDINGS IN LEBANON REGARDING
## THE ESTATE OF MOUNIB SEIKALY

14.  On May 28, 2016, Mounib Seikaly passed away.

15. Immediately after the passing of Mounib Seikaly, Rudolph Mounib Seikaly, as

Administrator of the Estate, began proceedings in Lebanon to administer the Estate of Mounib

Seikaly.

16.  Upon information and belief, under Lebanese law, all assets must be registered as assets

of an estate within 90 days of the date of death of the decedent. If an asset is not timely

registered as an asset of a Lebanese estate, it escheats to the state.

## REQUESTS TO RICHARD SEIKALY BY THE ESTATE OF MOUNIB SEIKALY FOR
## INFORMATION REGARDING THE "OTHER VENTURES"

17.  Mounib Seikaly was partner, shareholder or beneficial owner in the following "Other

Ventures":

- Clinton View Limited Partnership
- Portofino Associates Limited
- Cedars Corporation
- Scotland Heights Limited Partnership
- Kanegis
- Enders Farm Associates

3

- Newgate Corporation
- The Forest at Hunter's Mill
- Maramo International SA
- Bellerive Condominiums Limited Partnership

18.   The Estate of Mounib Seikaly is not in possession of, and does not have access to, information, including valuation, regarding the "Other Ventures" listed in paragraph 17 of this Complaint. As partner, shareholder, or beneficial owner of these entities, the Estate of Mounib Seikaly has a right to demand and receive information, including up-to-date valuation, regarding these entities. Moreover, pursuant to Article 3(b) of the Agreement, the Estate of Mounib Seikaly has a right to obtain all documentation related to all Other Ventures, including those listed in paragraph 17 of this Complaint.

19.   Upon information and belief, Defendant is in possession of or has access to documentation and information, including valuation, regarding the "Other Ventures" listed in paragraph 17 of this Complaint.

20.   In June 2016, Mounib Seikaly's Estate, through counsel, asked Defendant for up-to-date information and a status report, including valuation, on the "Other Ventures" listed in paragraph 17 of this Complaint so the Administrator of the Estate could register Mounib Seikaly's interest in those entities in the Lebanese Estate proceedings.

21.   To date, Defendant has failed to provide the up-to-date documentation and information, including valuation, regarding the Other Ventures listed in paragraph 17 of this Complaint.

22.   Defendant's failure to provide up-to-date information, including valuation, regarding the Other Ventures listed in paragraph 17 of this Complaint has caused the Administrator of Mounib Seikaly's Estate to be unable to register Mounib Seikaly's interests in the Other Ventures as assets of his Estate in the Lebanese proceedings.

23.   Upon information and belief, Mounib Seikaly's interests in the Other Ventures listed in paragraph 17 of this Complaint exceed $75,000. Those interests will escheat to the state of Lebanon if they are not registered as part of Mounib Seikaly's Estate by August 28, 2016.

## COUNT I – EQUITABLE ACCOUNTING
## AND DISCLOSURE OF FINANCIAL RECORDS

24.   Plaintiff repeats and realleges paragraphs 1 through 23 of this Complaint as if set forth fully herein.

25.   The Agreement established a fiduciary or trust relationship whereby the Administrator of the Estate of Mounib Seikaly, who is not in possession of the necessary documentation, is "entitled to seek and receive any and all documentation related to the. . .Other Ventures" from Defendant, who is in possession of the necessary documentation.

26.   Even absent the Agreement, there existed a fiduciary or trust relationship between Defendant and Mounib Seikaly in that Mounib Seikaly and Defendant were partners in the Other Ventures listed in paragraph 17 of this Complaint and Mounib Seikaly entrusted to Defendant the documentation of his interests therein.

27.   Defendant is bound by his fiduciary duty to disclose to the Administrator of the Estate of Mounib Seikaly the accounts of the Other Ventures listed in paragraph 17 of this Complaint, and to disclose the financial records and related documentation thereof.

28.   Plaintiff is entitled to a timely equitable accounting and disclosure of financial records regarding the Other Ventures listed in paragraph 17 of this Complaint.

29.   Plaintiff asked Defendant to provide up-to-date information including a status report and valuation regarding the Other Ventures listed in paragraph 17 of this Complaint.

30.  Defendant has, to date, failed to provide the Administrator of the Estate of Mounib Seikaly with up-to-date documentation regarding the Other Ventures listed in paragraph 17 of the Complaint.

31.  Defendant's failure to provide the Administrator of the Estate of Mounib Seikaly with a timely accounting and disclosure of documentation regarding the Other Ventures listed in paragraph 17 of this Complaint will cause Mounib Seikaly's interests in those Other Ventures to escheat to the state of Lebanon.

32.  Remedies at law are inadequate to remedy this situation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A.      An order requiring Defendant to provide Plaintiff with an up-to-date accounting and status report and to disclose all financial information, including valuation, regarding the Other Ventures listed in paragraph 17 of this Complaint;

B.      For costs of this suit; and

C.      Such further relief as this Court may deem just and proper.

DATED: July 20, 2016                                    Respectfully submitted,

                                     /s/ Laina Lopez
                              William F. Coffield (*pro hac vice* pending)
                              Laina Lopez (MD Bar No. 27981)
                              Berliner Corcoran & Rowe, LLP
                              1101 17th Street NW, Suite 1100
                              Washington, D.C. 20036
                              Tel: (202) 293-5555
                              Fax: (202) 293-9035
                              wcoffield@bcr-dc.com
                              lcl@bcr-dc.com
                              *Counsel for Plaintiff*